EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN ALVARADO, acusado y apelante.

Núm. 6466.—*Sometido:* Mayo 4, 1937. *Resuelto:* Mayo 7, 1937.

*González Fagundo & González, Jr.,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El acusado apelante fué convicto de un delito de portar sobre su persona un arma prohibida y condenado a la pena de tres meses de cárcel y las costas. Y alega como fundamento del presente recurso que la sentencia dictada por la Corte de Distrito de Humacao es contraria a la prueba presentada.

Hemos examinado detenidamente la prueba aducida por el fiscal y por la defensa, y de toda ella resultan probados los hechos siguientes:

El acusado era empleado como guardia o celador de la Benítez Sugar Company y portaba sobre su persona una pistola que le había sido entregada por su patrono. En el día de autos, el policía Antonio Rivera Santiago, en momentos en que hacía su recorrido hacia la playa, en Puerto Real de Vieques, como a las ocho de la noche, sintió varios disparos, se dirigió al sitio de donde procedían y encontró al acusado debajo de una palma, disparando. El policía agarró al acusado por la espalda y logró desarmarle y arrestarle. Como consecuencia de los disparos hechos por el acusado, el individuo Mateo Corsino resultó herido en una

pierna y en un dedo. Los hechos ocurrieron en un camino de la Central Esperanza, por donde transita el público y junto al cual existe un caserío. La finca donde ocurrieron los hechos no pertenece a la Benítez Sugar Company, patrono del acusado; y el camino a que se ha hecho referencia no era el que necesariamente tenía que utilizar el acusado para ir a o venir de la propiedad de su patrono, ni para cumplir sus deberes como guardia o celador de las propiedades de la Benítez Sugar Company.

El testigo Mateo Corsino declaró que fué contra él que el acusado hizo ocho disparos, de los cuales dos tuvieron efecto, causándole heridas; que había habido disgustos entre él y el acusado por motivo de las huelgas; y que el acusado no reside en el Barrio Esperanza, donde ocurrieron los hechos, y sí en el barrio de Playa Grande.

La prueba de la defensa tendió a demostrar que el acusado había sido agredido por la espalda en momentos en que estando montado en su caballo encendía un cigarrillo, y que se había visto obligado a hacer uso de la pistola para defenderse de la agresión; que el acusado tenía que pasar por ese camino para ir a la Florida, que es una propiedad de la Benítez Sugar Company.

El policía Rivera declaró que el acusado fué agredido cuando estaba ya arrestado, después de haber hecho los disparos; y que cuando él vió al acusado esa noche el acusado no tenía heridas ni le manifestó nada tampoco.

El caso de *El Pueblo* v. *Bosch,* 43 D.P.R. 741, invocado por el apelante, no es aplicable al caso de autos. El acusado en dicho caso, Bosch, celador de una central, fué arrestado y se le ocupó el arma en momentos en que salió de la propiedad de su patrono y penetró en la vía pública, para pasar a otra parte de la finca e impedir que se robasen la yerba perteneciente a su patrono. La corte resolvió que por el solo hecho de haber penetrado en la vía pública, el acusado no había dejado de ser celador.

En el caso de autos el acusado se encontraba fuera de

la finca de su patrono y en un sitio por donde no tenía que pasar para el cumplimiento de sus deberes de celador. Tampoco estaba el acusado en el momento de ser arrestado cumpliendo deberes de su cargo, pues según su propia declaración él se detuvo en un cafetín para comprar cigarrillos y pedir dos tomas de ron, una para él y otra para un muchacho que le acompañaba.

La prueba es a nuestro juicio suficiente para sostener la acusación. *Debe confirmarse la sentencia apelada.*